MURDOCK, Justice
(dissenting).
I disagree with the analysis regarding the motion to compel, as set out in Part II.C. of the main opinion. The holding that Brown was not entitled to complete jurisdictional discovery, particularly the deposition of a representative of ABUS, hinges on the finding that this is not an “actual stream-of-commerce case[].” 11 *801 So.3d at 800. Information relevant to whether this case is, in fact an “actual stream-of-eommerce case,” however, is the type of information into which Brown legitimately was attempting to inquire in her discovery efforts, including her deposition of ABUS’s corporate representative. The only basis we now (post-deposition) have for finding that this is not an actual stream-of-commerce case is a set of statements from the same corporate representative prepared and given in the form of an affidavit after he, with the aid of counsel, refused to have his testimony as to this issue properly elicited and tested by cross-examination in his deposition.[4]
I therefore respectfully dissent.

. The main opinion states that it is only based on Vom Stein's affidavit — and not his deposition testimony — that we now know that ABUS-authorized sales of hoists through EMH, Inc., into the United States had nothing to do with the particular hoist by which Brown's husband was injured.
It is also worth noting that the "stream of commerce” argument made by Brown arguably could allow for in personam jurisdiction over ABUS if, because of the flow of the stream of commerce, a significant number of ABUS's hoists were used in Alabama. See generally Ex parte Phil Owens Used Cars, Inc., 4 So.3d 418, 428 (Ala.2008) (Murdock, L, concurring in the rationale in part and concurring in the result) ("Neither party has argued for a modification of the elements of specific jurisdiction — or for a hybrid of general and specific jurisdiction — to be applied to determine whether the assertion of personal jurisdiction in this case would comport with constitutional standards of fairness. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n. 10, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ('Absent any briefing on the issue, we decline to reach the questions (1) whether the terms "arising out of” and "related to” describe different connec-lions between a cause of action and a defendant's contacts with a forum, and (2) what sort of tie between a cause of action and a defendant's contacts with a forum is necessary to a determination that either connection exists. Nor do we reach the question whether, if the two types of relationship differ, a forum's exercise of personal jurisdiction in a situation where the cause of action "relates to,” but does not "arise out of,” the defendant's contacts with the forum should be analyzed as an assertion of specific jurisdiction.’); Ex parte Kamilewicz, 700 So.2d 340, 345 n. 2 (Ala.1997); Linda Sandstrom Simard, Hybrid Personal Jurisdiction: It’s Not General Jurisdiction, or Specific Jurisdiction, but Is It Constitutional?, 48 Case W. Res. L.Rev. 559, 582 (1998); William M. Richman, Jurisdiction in Civil Actions, 72 Cal. L.Rev. 1328, 1345 (1984); Arthur T. von Mehren & Donald T. Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L.Rev. 1121 (1966).”). See Ex parte Duck Boo Int’l Co., Ltd., 985 So.2d 900 (Ala.2007) (declining to revisit previous holdings regarding the nature of contacts necessary to establish in personam jurisdiction on the ground that discovery as to the nature and extent of contacts between the defendant and the forum state had not been completed).